**United States Bankruptcy Court**
**Northern District of Illinois**

IN RE:                                                                Case No. _____

Richardson, Glen M & Richardson, Lisa _____   Chapter **7** _____
                                    Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____**2,000.00**

    Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____**1,000.00**

    Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____**1,000.00**

2.  The source of the compensation paid to me was: ☑ Debtor  ☐ Other (specify):

3.  The source of compensation to be paid to me is: ☑ Debtor  ☐ Other (specify):

4.  ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~
    e.  [Other provisions as needed]

6.  By agreement with the debtor(s), the above disclosed fee does not include the following services:
    **ANY AND ALL ADVERSARY PROCEEDINGS**

<table>
<tr><td colspan="2" align="center">CERTIFICATION</td></tr>
<tr><td colspan="2">I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.</td></tr>
<tr><td>_____<br>**October  4, 2011**<br>Date</td><td>**/s/ Steven J. Grace**<br>Steven J. Grace 6298405<br>Attorney at Law<br>111 W. Washington St., Ste 1625<br>Chicago, IL  60153<br>(312) 493-6912  Fax: (888) 462-6649<br>stevengracelaw@gmail.com</td></tr>
</table>

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

## ATTORNEY & CLIENT ENGAGEMENT AGREEMENT

**THE LAW OFFICES OF STEVEN J. GRACE**
**111 W. WASHINGTON ST., SUITE 1625**
**CHICAGO, IL 60602**
**PH. 312-493-6912**
**FX. 888-462-6649**
**EMAIL: STEVENGRACELAW@GMAIL.COM**

### 1. PARTIES AND SCOPE OF REPRESENTATION.

I/We, Renee and Glen Richardson (Client), hereby employs attorney, Steven J. Grace, (Attorney) to represent Client in **Chapter 7** bankruptcy proceedings and Attorney accepts this employment. Attorney will provide the following scope of services:

    a.    Meet with you to discuss your financial situation and possible solutions;

    b.    Provide the section 342(b)(1) notice, which sets out the purpose, benefits, and costs of filing under Chapters 7, 11, 12 or 13; the types of services available from credit counseling agencies; and the penalties of committing certain bankruptcy crimes, and will explain the notice to you;

    c.    Prepare the necessary bankruptcy petition, schedules, statement of affairs, and other documents, and review and file the bankruptcy case under the chapter you select;

    d.    Prepare for and accompany you to the section 341 first meeting of creditors;

    e.    Assist in the amendments to the papers filed and the production of such documents as the trustee requests (additional fees and costs may apply);

    f.    Assist you in the negotiation and execution of reaffirmation agreements that are in your best interest and meet all requirements of the law.

### 2. ATTORNEY FEES IN UNCONTESTED MATTERS.

Client agrees to pay Attorney the sum of $2000.00 for attorney's fees INCLUDING court and related costs and expenses for uncontested proceedings. Known costs will include: $299.00 filing costs and $28 credit report cost for individual and $48.00 for couple.

The fees and costs shall be paid as follows: $ ~~1000~~ 230 check dated 9/26/2011 (Check # ~~731~~ 735) remainder to be paid within 30 days of filing $770 in cash or such.

All fee payments under this paragraph shall be deemed Advance Fee Payments for Attorney's commitment to perform future services, the funds are the property of the Attorney and may be deposited in the Attorney's operating account. Certain amendments to schedules may incur additional attorneys' fees in the amount of $50.00 per amendment plus filing costs, if any.

1

Initials: _____ _____

Expenses will include $40.00 for mileage and parking for each trip to court or a creditors' meeting if more than one is required. *Should this matter become contested, Attorney and Client shall consult with one another and Client shall provide consent and pay the required Advance Fee Payment and/or retainer as described hereafter PRIOR to Attorney beginning work on contested matters.*

3. <u>ATTORNEY FEES IN CONTESTED MATTERS</u>. Attorney will charge and Client agrees to pay Attorney fees of $200.00 per hour for all contested work. To save Client money, Attorney from time to time may employ paralegals to provide basic legal services, and Client agrees to pay for their services at the rate of $95.00 per hour.

4. <u>RETAINER IN CONTESTED MATTERS</u>. In the event this matter is or becomes contested and PRIOR to Attorney beginning work thereon, Client shall pay Attorney an initial payment of $2,500.00, which shall be a trust retainer. This initial payment is NOT an approximation of total fees, and it is likely that the Client will be required to pay additional amounts in the future. The required retainer amount shall be $2,500.00 and it shall not fall below $1,000.00. Upon notification, Client shall promptly replenish the retainer to the level indicated. As Attorney performs services and incurs costs, Attorney will send statement(s) to Client detailing the time and expense(s) incurred and Attorney will be entitled to be paid from the retainer. At the end of the representation, Attorney will remit to Client the balance of Client's retainer, if any. Retainer payments made by credit card will be assessed a 3.0% processing fee and shall be deposited into the Attorney's client trust account. (Please note, Attorney cannot accept payment by credit card from the debtor filing bankruptcy, however, we can accept payment from a third party made on behalf of the debtor.)

5. <u>ADMINISTRATIVE FEE</u>. If this engagement is canceled by the Client, Attorney will charge a minimum administrative fee of $400.00. The Administrative Fee is to be incurred without an itemization of Attorney's time to cover the time in meeting with the Client, reviewing the matter, beginning a file for the Client, initial research, if any, case management, record storage, etc. If client incurs more than $400.00 in fees, then Attorney will bill actual time and no administrative fee will be assessed.

6. <u>CLIENT'S DUTIES, DISCLOSURE AND CONFIDENTIALITY</u>. Client agrees to furnish all information necessary to enable Attorney to complete the papers that will be filed in the case and that such information will be complete, accurate, and truthful. Attorney may also be relieved of the responsibility to represent Client if Client fails to provide information or documents in time and with sufficient adequacy to enable Attorney to respond to any inquiry. Client must attend all Court and related matters as instructed by the Court or the Attorney. Attorney and Client communications are confidential. To maintain confidentiality and to provide effective representation, all substantive Client communications shall be made directly between the Attorney and Client. Client agrees to disclose fully and accurately all facts and keep Attorney informed of all developments relating to the matter. Client agrees to cooperate fully with Attorney and to be available to attend meetings, discovery proceedings, hearings, etc. The Attorney reserves the right to withdraw from the representation if the Client does not adhere to the foregoing. Attorney may use or reveal confidences or secrets necessary to establish or collect the lawyer's fee or to defend the lawyer or the lawyer's employees or associates against an

2

Initials:

accusation of wrongful conduct. Attorney is obligated to reveal information about the client to the extent it appears necessary to prevent the client from committing an act that would result in death or serious bodily harm.

Specifically, Client is be responsible for taking a credit counseling course before filing for bankruptcy and another post-filing course within 45 days of the meeting of creditors. Client will pay for these courses. The certificates from these courses will be submitted to Attorney in a timely fashion. Client is responsible for submitting the total amount of debts, account numbers corresponding addresses for ALL debts incurred. If Client does NOT properly furnish these debts, and debt is still pursued for collection after completion of bankruptcy, Client understands that these services are not included in this engagement agreement and additional Attorney's fees will be necessary to handle these matters. Attorney only has access to debts listed on credit report. Furthermore, it is Client's duty to review schedules before filing and to verify that ALL debts have been listed properly.

7. <u>REPRESENTATIONS OF ATTORNEY</u>. Legal outcomes cannot be guaranteed. No Attorney, employee or agent of the Attorney has or will promise or guarantee a particular outcome on your matter. Nothing in this Engagement shall be construed as such a promise or guarantee. Although Attorney may from time to time, for your convenience, furnish estimates of fees or costs that the Attorney anticipates will be incurred, these estimates are subject to unforeseen circumstances and are by their nature inexact. Estimates may not be considered guaranties of any kind.

8. <u>DILIGENCE AND COMMUNICATION</u>. Attorney shall act with reasonable diligence and promptness in representing Client. Attorney shall keep Client reasonably informed about the status of the engagement matter and promptly comply with reasonable requests for information. Attorney shall explain relevant matters to the Client to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

9. <u>FEES</u>. Fees for contested services rendered will be based on the reasonable value of those services as determined in accordance with the Illinois Rules of Professional Conduct. Our fees will be based primarily on hourly billing rates. The time for which you will be charged will include, but will not be limited to: telephone and office conferences with the client, witnesses, consultants, court personnel and others; conferences among our legal personnel; factual investigations; legal research; responding to requests to provide information to the client or others; drafting of letters, pleadings, briefs and other documents; travel time; waiting time in court; and time in depositions and other discovery proceedings. Attorney will charge a minimum of 1.00 hour for any court appearances. Services that are provided with less than one week notice to Attorney in order to meet a deadline to prepare or participate in court or discovery, or at the request of Client, or on weekends or holidays, or between 7:00 p.m. and 6:30 a.m. may be billed at 150% of the above hourly rates. In an effort to reduce legal fees, the Attorney may use paralegal personnel. Time devoted by paralegals to Client matters is charged at hourly billing rates, which also are adjusted from time to time by the Attorney. Additionally, time is billed in tenths of an hour (.1) which represents six (6) minutes. There will be a minimum of .15 hours time billed for any service performed by the Attorney. Hourly rates may be adjusted from time to time and client will be advised in writing prior to any fee modification.

Initials: _____

3

10. COSTS. In addition to fees, Client shall pay for costs and expenses incurred in performing services. Standard costs in all matters include court filing costs, credit reports, tax trancripts, basic asset searches and the like. Additional costs may be incurred in contested matters include: sheriff and/or special process server fees; subpoena fees; court reporter fees; messenger service fees; witness and expert opinion witness fees; photocopying and professional copying expenses; computerized research; travel (including mileage; parking; airfare; lodging; meals; and ground transportation); long-distance telephone; professional word processing; translation services; and all other reasonable costs. Attorney will charge a flat rate of $40.00 for parking and mileage for each appearance at court, creditors' meeting, deposition, etc. Attorney does not charge for travel time within 25 miles of Chicago, IL. Additionally, Attorney will charge 7¢ per page for photocopies of documents made in the office, including photocopies made for court filing, to be mailed to the client or other party, for office files or for pleadings or discovery purposes.

11. BILLING PRACTICES. Fees and expenses will generally be billed monthly. If any payment from Client to Attorney is returned NSF, Client agrees to pay Attorney liquidated damages in the amount of $35.00 for each such occurrence and Attorney may no longer accept personal checks from Client. As a convenience to the Client, Attorney accepts payments by credit card from third parties and Client agrees to pay a 3.0% additional as and for credit card processing fees. All invoices are is due upon receipt unless Client has an objection to the billing in which case Client agrees to pay promptly upon resolution of any dispute. Client shall promptly review the billing statements and respond in writing with any objections to a billing statement within seven days of receiving the statement. Failure by the Client to object within the allotted time will be deemed acceptance of the billing statement for purposes of accepting payment from the retainer. Attorney reserves the right to postpone or defer providing additional services or to discontinue its representation if Client fails to pay billed amounts when due. All fees and costs must be paid in full prior to conclusion of the proceedings.

12. WAIVERS. Client understands that property/assets/and income streams may be assumed by a trustee in bankruptcy. Client has made an informed decision as to whether or not to proceed with bankruptcy in the face of these facts. The valuations made for property/assets/and income streams have been determined fair and reasonable by Client. All risks of forfeitures of property are fully assumed by Client. Client understands that completed or pending loan modifications may or may not be voided by the lender due to a bankruptcy filing and Client chooses to proceed in face of this risk. In regards to taxes/governmental fines/etc, Attorney has stated that in most if not all instances debts of this type are NOT dischargeable and that Client will still be responsible for their repayment.

13. INDEMNITY. If any claim or action is brought against the Attorney or any personnel of the Attorney and such claim arises from your negligence or misconduct, you will hold the Attorney and its personnel harmless and indemnify them for all damages incurred.

14. APPLICABLE LAW. The laws of the State of Illinois shall govern the interpretation of this Agreement.

Initials: _____          4

15. <u>INTEGRATED AGREEMENT</u>. The terms and provisions contained in this Engagement Agreement and the documents executed or delivered in connection with this agreement, constitute the entire understanding and agreement between the Client and the Attorney with respect to the subject matter herein. There are no agreements, understandings, restrictions, representations or warranties other than those set forth or referred to in this Engagement Agreement.

16. <u>DISCLOSURES</u>. As a separate document, but included as part of this representation agreement, we are giving you notice of "Important Information About Bankruptcy Assistance Services from an Attorney" as required by section 527 of the Bankruptcy Reform Act. **See Exhibits A, B, & C**.

Accepted & Received (w/ exhibits) this _5th_ day of _September_, 2011:

Attorney                                      Client

                                             Client

5

Initials: _____  _____

## Debt Relief Agency Disclosures to an Assisted Person

Section 527 of the Bankruptcy Code requires a Debt Relief Agency to provide an assisted person with the following:

1.    A copy of the notice prepared by the clerk of the Bankruptcy Court, in accordance with the requirements of § 342(b), which is attached hereto and which contains:

    (1)    a brief description of

        (A)    Chapters 7, 11, 12, and 13 and the general purpose, benefits, and costs of proceeding under each of those chapters; and

        (B)    the types of services available from credit counseling agencies; and

    (2)    statements specifying that

        (A)    a person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury in connection with a case under this title shall be subject to fine, imprisonment, or both; and

        (B)    all information supplied by a debtor in connection with a case under this title is subject to examination by the Attorney General.

2.    The following disclosures are required by § 527(a)(2), which advises an assisted person that:

    (A)    all information that the assisted person is required to provide with a petition and thereafter during a case under this title is required to be complete, accurate, and truthful;

    (B)    all assets and all liabilities are required to be completely and accurately disclosed in the documents filed to commence the case, and the replacement value of each asset as defined in § 506 must be stated in those documents where requested after reasonable inquiry to establish such value;

    (C)    current monthly income, the amounts specified in section 707(b)(2), and, in a case under Chapter 13 of this title, disposable income (determined in accordance with § 707(b)(2)) are required to be stated after reasonable inquiry; and

    (D)    information that an assisted person provides during his or her case may be audited pursuant to this title, and failure to provide such information may result in dismissal of the case under this title or other sanction, including a criminal sanction.

Initials: _____      6

EXHIBIT

**Separate Disclosure Required by Section 527 of the Bankruptcy Code as Amended**

## IMPORTANT INFORMATION ABOUT BANKRUPTCY ASSISTANCE SERVICES FROM AN ATTORNEY

<u>(Note: This form is mandated by statute. It may or may not correctly explain the law.)</u>

If you decide to seek bankruptcy relief, you can represent yourself, you can hire an attorney to represent you, or you can get help in some localities from a bankruptcy petition preparer who is not an attorney. The law requires an attorney or bankruptcy petition preparer to give you a written contract specifying what the attorney or bankruptcy petition preparer will do for you and how much it will cost. Ask to see the contract before you hire anyone.

The following information explains what must be done in a routine bankruptcy case to help you evaluate how much service you need. Before filing a bankruptcy case, either you or your attorney should analyze your eligibility for different forms of debt relief available under the Bankruptcy Code and decide which form of relief is most likely to be beneficial for you. Be sure you understand the relief you can obtain and its limitations. To file a bankruptcy case, documents (Petition, Schedules, Statement of Financial Affairs, and in some cases a Statement of Intention) must be prepared correctly and filed with the bankruptcy court. You will have to pay a filing fee to the bankruptcy court. Once your case starts, you must attend the required first meeting of creditors, where you may be questioned by a court official called a "trustee" and by creditors.

If you choose to file a Chapter 7 case, you may be asked by a creditor to reaffirm a debt. You may want help deciding whether to do so. A creditor is not permitted to coerce you into reaffirming your debts.

If you choose to file a Chapter 13 case, in which you repay your creditors what you can afford over 3 to 5 years, you may also want help preparing your Chapter 13 plan and with the confirmation hearing on your plan, which will be before a bankruptcy judge.

If you select another type of relief under the Bankruptcy Code other than Chapter 7 or Chapter 13, you should consult someone familiar with that type of relief.

Your bankruptcy case may also involve litigation. You are generally permitted to represent yourself in litigation in bankruptcy court, but only lawyers, not bankruptcy petition preparers, can give you legal advice.

Initials: _____                    7

**Information to the Assisted Person (Debtor) on How to Provide All Information Required by Section 521**

Section 521 of the Code sets out the Debtor's duties related to the filing of a bankruptcy case. A copy of the section is attached to this writing.

As you fill out these schedules and statement of affairs, you should keep the following in mind:

1.    Completing the income and expense pages accurately and completely is critical.

    (a)    To compile your income, refer to recent pay stubs and last year's income tax returns. Accounting for overtime, investment dividends, and other earnings is necessary.

    (b)    People usually pay cash for many items, such as groceries. Review your monthly expense payments and make a best estimate on cash expenditures. If you pay insurance annually, calculate the monthly cost. Attached are IRS expense allowances for the area in which you live. If your expenses exceed these, we will have to review them and perhaps make adjustments.

    (c)    When you value property you own, consider prices in the neighborhood for housing, in newspapers and car lots for automobiles, and what you would pay for furniture and clothes at a business selling such goods.

    (d)    If you have an item of special value, an appraisal may be necessary.

    (e)    When listing creditors, collect current bills and use that information for mailing addresses and balances due.

    (f)    Under the law of this state, or federal bankruptcy law, certain property may be exempt and may be retained. Attached is a copy of the state list of exemptions and also a list of property that may be exempt under federal law. Neither list is all-inclusive. If a seller has a lien on exempt property, the lien may be avoidable or you may have to pay for the property in order to keep it. After you have prepared these lists, we can review them and decide what property qualifies as exempt.

Initials: _____

8

B201A (Form 201A) (12/09)

**WARNING: Effective December 1, 2009, the 15-day deadline to file schedules and certain other documents under Bankruptcy Rule 1007(c) is shortened to 14 days. For further information, see note at bottom of page 2**

## UNITED STATES BANKRUPTCY COURT

## NOTICE TO CONSUMER DEBTOR(S) UNDER §342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a joint case (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

### 1. <u>Services Available from Credit Counseling Agencies</u>

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days <u>**before**</u> the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

### 2. <u>The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors</u>

**<u>Chapter 7</u>: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)**
Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.
Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.
The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

**3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Many filing deadlines change on December 1, 2009. Of special note, 12 rules that set 15 days to act are amended to require action within 14 days, including Rule 1007(c), filing the initial case papers; Rule 3015(b), filing a chapter 13 plan; Rule 8009(a), filing appellate briefs; and Rules 1019, 1020, 2015, 2015.1, 2016, 4001, 4002, 6004, and 6007.**

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B201B (Form 201B) (12/09)

**United States Bankruptcy Court**
**Northern District of Illinois**

IN RE:                                                          Case No. _____

Richardson, Glen M & Richardson, Lisa                          Chapter **7**_____
Debtor(s)

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certificate of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor the attached notice, as required by § 342(b) of the Bankruptcy Code.

_____          Social Security number (If the bankruptcy
Printed Name and title, if any, of Bankruptcy Petition Preparer   petition preparer is not an individual, state
Address:                                                    the Social Security number of the officer,
_____          principal, responsible person, or partner of
                                                            the bankruptcy petition preparer.)
_____          (Required by 11 U.S.C. § 110.)
**X** _____
Signature of Bankruptcy Petition Preparer of officer, principal, responsible person, or
partner whose Social Security number is provided above.

### Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

Richardson, Glen M & Richardson, Lisa          **X** */s/ Glen M Richardson*                    **10/04/2011**
_____          _____
Printed Name(s) of Debtor(s)                       Signature of Debtor                          Date

Case No. (if known) _____          **X** */s/ Lisa Richardson*                   **10/04/2011**
                                                    _____
                                                    Signature of Joint Debtor (if any)           Date

**Instructions:** Attach a copy of Form B 201A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**B22A (Official Form 22A) (Chapter 7) (12/10)**

| | |
|---|---|
| In re: **Richardson, Glen M & Richardson, Lisa** | According to the information required to be entered on this statement (check one box as directed in Part I, III, or VI of this statement): |
| Debtor(s) | ☐ **The presumption arises** |
| Case Number: _____ | ☑ **The presumption does not arise** |
| (If known) | ☐ **The presumption is temporarily inapplicable.** |

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
# AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor. If none of the exclusions in Part I applies, joint debtors may complete one statement only. If any of the exclusions in Part I applies, joint debtors should complete separate statements if they believe this is required by § 707(b)(2)(C).

| | **Part I. MILITARY AND NON-CONSUMER DEBTORS** |
|---|---|
| **1A** | **Disabled Veterans.** If you are a disabled veteran described in the Veteran's Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| **1B** | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| **1C** | **Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.**<br><br>☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard<br><br>    a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and<br>        ☐ I remain on active duty /or/<br>        ☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed;<br><br>        OR<br><br>    b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/<br>        ☐ I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B22A (Official Form 22A) (Chapter 7) (12/10)

| Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION |
|---|

<table>
<tr><td rowspan="2">2</td><td colspan="3"><b>Marital/filing status.</b> Check the box that applies and complete the balance of this part of this statement as directed.<br><br>a. ☐ Unmarried. <b>Complete only Column A ("Debtor's Income") for Lines 3-11.</b><br><br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." <b>Complete only Column A ("Debtor's Income") for Lines 3-11.</b><br><br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. <b>Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.</b><br><br>d. ☑ Married, filing jointly. <b>Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.</b></td></tr>
<tr><td>All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line.</td><td><b>Column A</b><br>Debtor's<br>Income</td><td><b>Column B</b><br>Spouse's<br>Income</td></tr>
<tr><td>3</td><td><b>Gross wages, salary, tips, bonuses, overtime, commissions.</b></td><td>$          890.29</td><td>$          506.72</td></tr>
<tr><td>4</td><td><b>Income from the operation of a business, profession or farm.</b> Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. <b>Do not include any part of the business expenses entered on Line b as a deduction in Part V.</b><br><br><table><tr><td>a.</td><td>Gross receipts</td><td>$</td></tr><tr><td>b.</td><td>Ordinary and necessary business expenses</td><td>$</td></tr><tr><td>c.</td><td>Business income</td><td>Subtract Line b from Line a</td></tr></table></td><td>$</td><td>$</td></tr>
<tr><td>5</td><td><b>Rent and other real property income.</b> Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. <b>Do not include any part of the operating expenses entered on Line b as a deduction in Part V.</b><br><br><table><tr><td>a.</td><td>Gross receipts</td><td>$</td></tr><tr><td>b.</td><td>Ordinary and necessary operating expenses</td><td>$</td></tr><tr><td>c.</td><td>Rent and other real property income</td><td>Subtract Line b from Line a</td></tr></table></td><td>$</td><td>$</td></tr>
<tr><td>6</td><td><b>Interest, dividends, and royalties.</b></td><td>$</td><td>$</td></tr>
<tr><td>7</td><td><b>Pension and retirement income.</b></td><td>$</td><td>$</td></tr>
<tr><td>8</td><td><b>Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.</b> Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B.</td><td>$</td><td>$</td></tr>
<tr><td>9</td><td><b>Unemployment compensation.</b> Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br><table><tr><td>Unemployment compensation claimed to be a benefit under the Social Security Act</td><td>Debtor $ _____</td><td>Spouse $ _____</td></tr></table></td><td>$</td><td>$</td></tr>
</table>

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B22A (Official Form 22A) (Chapter 7) (12/10)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| | | | |
|---|---|---|---|
| 10 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | |
| | a.           $ | | |
| | b.           $ | | |
| | Total and enter on Line 10 | $ | $ |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | $    **890.29** | $    **506.72** |
| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | | $    **1,397.01** |

### Part III. APPLICATION OF § 707(B)(7) EXCLUSION

| | | |
|---|---|---|
| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $    **16,764.12** |
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) <br> a. Enter debtor's state of residence: **Illinois**      b. Enter debtor's household size: __**2**__ | $    **60,073.00** |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed. <br> ☑   **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII. <br> ☐   **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. |

### Complete Parts IV, V, VI, and VII of this statement only if required. (See Line 15.)

### Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| | | |
|---|---|---|
| 16 | **Enter the amount from Line 12.** | $ |
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. | |
| | a.           $ | |
| | b.           $ | |
| | c.           $ | |
| | Total and enter on Line 17. | $ |
| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | $ |

### Part V. CALCULATION OF DEDUCTIONS FROM INCOME

#### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| | | |
|---|---|---|
| 19A | **National Standards: food, clothing and other items.** Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |

**B22A (Official Form 22A) (Chapter 7) (12/10)**

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | |

| **Persons under 65 years of age** | | **Persons 65 years of age or older** | |
|---|---|---|---|
| a1. | Allowance per person | a2. | Allowance per person | |
| b1. | Number of persons | b2. | Number of persons | |
| c1. | Subtotal | c2. | Subtotal | |

$

| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |

| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court)(the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | |

| a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ |
|---|---|---|
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ |
| c. | Net mortgage/rental expense | Subtract Line b from Line a |

$

| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |

| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.

Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8.
☐ 0  ☐ 1  ☐ 2 or more.
If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

B22A (Official Form 22A) (Chapter 7) (12/10)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| | | |
|---|---|---|
| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

| | | |
|---|---|---|
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br><br>☐ 1   ☐ 2 or more.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.**<br><br><table><tr><td>a.</td><td>IRS Transportation Standards, Ownership Costs</td><td>$</td></tr><tr><td>b.</td><td>Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42</td><td>$</td></tr><tr><td>c.</td><td>Net ownership/lease expense for Vehicle 1</td><td>Subtract Line b from Line a</td></tr></table> | $ |

| | | |
|---|---|---|
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.**<br><br><table><tr><td>a.</td><td>IRS Transportation Standards, Ownership Costs, Second Car</td><td>$</td></tr><tr><td>b.</td><td>Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42</td><td>$</td></tr><tr><td>c.</td><td>Net ownership/lease expense for Vehicle 2</td><td>Subtract Line b from Line a</td></tr></table> | $ |

| | | |
|---|---|---|
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ |

| | | |
|---|---|---|
| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |

| | | |
|---|---|---|
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |

| | | |
|---|---|---|
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ |

| | | |
|---|---|---|
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |

| | | |
|---|---|---|
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare — such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |

| | | |
|---|---|---|
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ |

B22A (Official Form 22A) (Chapter 7) (12/10)

| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service — such as pagers, call waiting, caller id, special long distance, or internet service — to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |
|----|---|---|
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ |

| **Subpart B: Additional Living Expense Deductions** <br> **Note: Do not include any expenses that you have listed in Lines 19-32** | | |
|---|---|---|
| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. <table><tr><td>a.</td><td>Health Insurance</td><td>$</td></tr><tr><td>b.</td><td>Disability Insurance</td><td>$</td></tr><tr><td>c.</td><td>Health Savings Account</td><td>$</td></tr></table> Total and enter on Line 34 <br><br> **If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below: <br><br> $ _____ | $ |
| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $147.92* per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |
| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | $ |

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B22A (Official Form 22A) (Chapter 7) (12/10)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| | Subpart C: Deductions for Debt Payment | | | |
|---|---|---|---|---|
| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. | | | |

| | | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|---|
| | a. | | | $ | ☐ yes ☐ no |
| | b. | | | $ | ☐ yes ☐ no |
| | c. | | | $ | ☐ yes ☐ no |
| | | | | Total: Add lines a, b and c. | |

(Total column) $

| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. |
|---|---|

| | | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|---|
| | a. | | | $ |
| | b. | | | $ |
| | c. | | | $ |
| | | | Total: Add lines a, b and c. | |

(Total column) $

| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | $ |
|---|---|---|

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | | |
|---|---|---|---|

| | a. | Projected average monthly chapter 13 plan payment. | $ |
|---|---|---|---|
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | X |
| | c. | Average monthly administrative expense of chapter 13 case | Total: Multiply Lines a and b |

(Total column) $

| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ |
|---|---|---|

| | Subpart D: Total Deductions from Income | |
|---|---|---|
| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ |

**B22A (Official Form 22A) (Chapter 7) (12/10)**

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| | **Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION** | |
|---|---|---|
| 48 | **Enter the amount from Line 18 (Current monthly income for § 707(b)(2))** | $ |
| 49 | **Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2))** | $ |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | $ |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ |
| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than $7,025\*.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br><br>☐ **The amount set forth on Line 51 is more than $11,725\*.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI.<br><br>☐ **The amount on Line 51 is at least $7,025\*, but not more than $11,725\*.** Complete the remainder of Part VI (Lines 53 though 55). | |
| 53 | **Enter the amount of your total non-priority unsecured debt** | $ |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br><br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. | |
| | **Part VII. ADDITIONAL EXPENSE CLAIMS** | |
| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. | |

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | Total: Add Lines a, b and c | $ |

| | **Part VIII. VERIFICATION** | |
|---|---|---|
| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this a joint case, both debtors must sign.)*<br><br>Date: **October  4, 2011**     Signature: **/s/ Glen M Richardson**<br>(Debtor)<br><br>Date: **October  4, 2011**     Signature: **/s/ Lisa Richardson**<br>(Joint Debtor, if any) | |

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B1 (Official Form 1) (4/10)

| United States Bankruptcy Court<br>Northern District of Illinois | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Richardson, Glen M** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Richardson, Lisa** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**L. Renee Richardson** |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **7280** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **5231** |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**3430 S. Giles**<br>**Chicago, IL**<br>ZIPCODE **60616** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>**3430 S. Giles**<br>**Chicago, IL**<br>ZIPCODE **60616** |
| County of Residence or of the Principal Place of Business:<br>**Cook** | County of Residence or of the Principal Place of Business:<br>**Cook** |
| Mailing Address of Debtor (if different from street address)<br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIPCODE | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check **one** box.) | **Nature of Business**<br>(Check **one** box.) | **Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☑ Chapter 7    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12    ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 13 |
| | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."    ☐ Debts are primarily business debts. |

| **Filing Fee** (Check one box) | **Chapter 11 Debtors** |
|---|---|
| ☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information** | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B1 (Official Form 1) (4/10)                                                                                          Page 2

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Richardson, Glen M & Richardson, Lisa** |

| **Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:**None** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**None** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code.<br><br>X  */s/ Steven J. Grace*                                        10/04/11<br>  Signature of Attorney for Debtor(s)                          Date |

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐ Yes, and Exhibit C is attached and made a part of this petition.<br>☑ No |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br>  ☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>If this is a joint petition:<br>  ☑ Exhibit D also completed and signed by the joint debtor is attached a made a part of this petition. |

| **Information Regarding the Debtor - Venue**<br>(Check any applicable box.) |
|---|
| ☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.<br><br>☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes.) |
|---|
| ☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br>_____<br>(Name of landlord or lessor that obtained judgment)<br><br>_____<br>(Address of landlord or lessor)<br><br>☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.<br><br>☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B1 (Official Form 1) (4/10)                                                                                                Page 3

## Voluntary Petition
*(This page must be completed and filed in every case)*

**Name of Debtor(s):**
**Richardson, Glen M & Richardson, Lisa**

### Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United State Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** */s/ Glen M Richardson*
_____
Signature of Debtor            **Glen M Richardson**

**X** */s/ Lisa Richardson*
_____
Signature of Joint Debtor            **Lisa Richardson**

_____
Telephone Number (If not represented by attorney)

**October  4, 2011**
_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

**Signature of Attorney***

**X** */s/ Steven J. Grace*
_____
Signature of Attorney for Debtor(s)

**Steven J. Grace 6298405**
**Attorney at Law**
**111 W. Washington St., Ste 1625**
**Chicago, IL  60602**
**(312) 493-6912  Fax: (888) 462-6649**
**stevengracelaw@gmail.com**

**October  4, 2011**
_____
Date
*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Petition Preparer**

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any,  of Bankruptcy Petition Preparer

_____
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

**X** _____
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

_____
Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.*

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B1D (Official Form 1, Exhibit D) (12/09)

## United States Bankruptcy Court
## Northern District of Illinois

IN RE:                                                                    Case No. _____

**Richardson, Glen M**                                                    Chapter **7** _____
                          Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.]* *[Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**


Signature of Debtor: **/s/ Glen M Richardson** _____

Date: **October  4, 2011** _____

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Certificate Number: 00301-ILN-CC-016210294



00301-ILN-CC-016210294

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>October 3, 2011</u>, at <u>10:08</u> o'clock <u>AM EDT</u>, <u>GLEN RICHARDSON</u> received from <u>InCharge Debt Solutions</u>, an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the <u>Northern District of Illinois</u>, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan <u>was not prepared</u>. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by internet</u>.

Date:   <u>October 3, 2011</u>          By:      <u>/s/Jovan Jones</u>

                                         Name:   <u>Jovan Jones</u>

                                         Title:    <u>Certified Bankruptcy Counselor</u>

\* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

B1D (Official Form 1, Exhibit D) (12/09)

## United States Bankruptcy Court
### Northern District of Illinois

IN RE:                                                                    Case No. _____

**Richardson, Lisa** _____    Chapter **7** _____
                    <span>Debtor(s)</span>

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

   ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

   ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

   ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: **/s/ Lisa Richardson** _____

Date: **October  4, 2011** _____

<span>© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only</span>

Certificate Number: 00301-ILN-CC-016210293



00301-ILN-CC-016210293

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>October 3, 2011</u>, at <u>10:08</u> o'clock <u>AM EDT</u>, <u>LISA RICHARDSON</u> received from <u>InCharge Debt Solutions</u>, an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the <u>Northern District of Illinois</u>, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan <u>was not prepared</u>. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by internet</u>.

Date:   <u>October 3, 2011</u>          By:     <u>/s/Jovan Jones</u>

Name:   <u>Jovan Jones</u>

Title:   <u>Certified Bankruptcy Counselor</u>

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

B6 Summary (Form 6 - Summary) (12/07)

**United States Bankruptcy Court**
**Northern District of Illinois**

IN RE:                                                        Case No. _____

Richardson, Glen M & Richardson, Lisa                        Chapter **7** _____
                    Debtor(s)

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 458,300.00 | | |
| B - Personal Property | Yes | 3 | $ 13,995.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $ 833,376.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 4 | | $ 123,237.46 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 7 | | $ 319,181.50 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 2 | | | $ 1,281.51 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $ 5,764.00 |
| TOTAL | | 22 | $ 472,295.00 | $ 1,275,794.96 | |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Form 6 - Statistical Summary (12/07)

**United States Bankruptcy Court**
**Northern District of Illinois**

IN RE:                                                          Case No. _____

Richardson, Glen M & Richardson, Lisa                          Chapter **7** _____
                          Debtor(s)

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | | Amount |
|---|---|---|
| Domestic Support Obligations (from Schedule E) | $ | **32,000.00** |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ | **91,237.46** |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ | **0.00** |
| Student Loan Obligations (from Schedule F) | $ | **0.00** |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ | **0.00** |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ | **0.00** |
| **TOTAL** | $ | **123,237.46** |

**State the following:**

| | | |
|---|---|---|
| Average Income (from Schedule I, Line 16) | $ | **1,281.51** |
| Average Expenses (from Schedule J, Line 18) | $ | **5,764.00** |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ | **1,397.01** |

**State the following:**

| | | | | |
|---|---|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | | $ | **372,076.00** |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | **123,237.46** | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | | $ | **0.00** |
| 4. Total from Schedule F | | | $ | **319,181.50** |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | | $ | **691,257.50** |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6A (Official Form 6A) (12/07)

IN RE **Richardson, Glen M & Richardson, Lisa**                                  Case No. _____
_____
Debtor(s)                                                                                                    (If known)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **3430 S. Giles Ave** | | **J** | **458,300.00** | **524,376.00** |
| | | **TOTAL** | **458,300.00** | |

(Report also on Summary of Schedules)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07)

IN RE **Richardson, Glen M & Richardson, Lisa**                    Case No. _____
_____
Debtor(s)                                                        (If known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | | **$50 Cash** | J | 50.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Chase Checking** | J | 400.00 |
| | | **Covenant Bank Business Checking** | J | 500.00 |
| | | **PNC Bank Checking and Savings** | J | 245.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | | **Security Deposit with FC Station Residential LLC** | J | 2,800.00 |
| 4.  Household goods and furnishings, include audio, video, and computer equipment. | | **Usual Complement of Household Goods and Electronics** | J | 1,500.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | **Usual Complement of Clothing** | J | 1,000.00 |
| 7.  Furs and jewelry. | | **Miscellaneous Jewelry** | J | 500.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.  Annuities. Itemize and name each issue. | X | | | |
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13.  Stock and interests in incorporated and unincorporated businesses. Itemize. | | **L Renee Richardson Group LLC dba Marble Slab Creamery** | W | unknown |
| 14.  Interests in partnerships or joint ventures. Itemize. | X | | | |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07) Cont.

IN RE **Richardson, Glen M & Richardson, Lisa**                                    Case No. _____
_____
Debtor(s)                                                                              (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | | **Franchise for Marble Slab Creamery** | J | **unknown** |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2003 Toyota Highlander 170k miles** | J | **4,500.00** |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | **Business Office Supplies** | J | **500.00** |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | **Business Equipment - Tables/Chairs/Cash Register/Cabinetry/2 Refrigerators/2 Freezers/Misc Inventory** | J | **2,000.00** |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07) - Cont.

IN RE **Richardson, Glen M & Richardson, Lisa**                                      Case No. _____
_____
                  Debtor(s)                                                                    (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | **TOTAL** | **13,995.00** |

(Include amounts from any continuation sheets attached.
Report total also on Summary of Schedules.)

_____ **0** continuation sheets attached

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6C (Official Form 6C) (04/10)

IN RE **Richardson, Glen M & Richardson, Lisa**                    Case No. _____
_____
                        Debtor(s)                                                (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds $146,450. *
(Check one box)

☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **SCHEDULE A - REAL PROPERTY** | | | |
| **3430 S. Giles Ave** | **735 ILCS 5 §12-901** | **30,000.00** | **458,300.00** |
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| **$50 Cash** | **735 ILCS 5 §12-1001(b)** | **50.00** | **50.00** |
| **Chase Checking** | **735 ILCS 5 §12-1001(b)** | **400.00** | **400.00** |
| **Covenant Bank Business Checking** | **735 ILCS 5 §12-1001(b)** | **500.00** | **500.00** |
| **PNC Bank Checking and Savings** | **735 ILCS 5 §12-1001(b)** | **245.00** | **245.00** |
| **Usual Complement of Household Goods and Electronics** | **735 ILCS 5 §12-1001(b)** | **2,500.00** | **1,500.00** |
| **Usual Complement of Clothing** | **735 ILCS 5 §12-1001(a)** | **1,000.00** | **1,000.00** |
| **Miscellaneous Jewelry** | **735 ILCS 5 §12-1001(b)** | **1,000.00** | **500.00** |
| **2003 Toyota Highlander 170k miles** | **735 ILCS 5 §12-1001(c)** | **4,800.00** | **4,500.00** |
| **Business Office Supplies** | **735 ILCS 5 §12-1001(b)** | **500.00** | **500.00** |
| **Business Equipment - Tables/Chairs/Cash Register/Cabinetry/2 Refrigerators/2 Freezers/Misc Inventory** | **735 ILCS 5 §12-1001(d)** | **3,000.00** | **2,000.00** |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

*Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6D (Official Form 6D) (12/07)

**IN RE** Richardson, Glen M & Richardson, Lisa

Debtor(s)    Case No. _____

(If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **5007** <br><br>**First Bank** <br>**Attn: Bankruptcy Dept** <br>**9801 Westminster Rd, Ste 1100** <br>**Houston, TX  77042** | | J | **Small Business Loan - Personal Guarantees** <br><br> VALUE $ **3,000.00** | | | | 309,000.00 | 306,000.00 |
| ACCOUNT NO. **0364** <br><br>**Wells Fargo Hm Mortgag** <br>**Po Box 10335** <br>**Des Moines, IA  50306** | | J | **Mortgage account opened 10/03** <br><br> VALUE $ **458,300.00** | | | | 293,768.00 | |
| ACCOUNT NO. **0679** <br><br>**Wells Fargo Hm Mortgag** <br>**Po Box 10335** <br>**Des Moines, IA  50306** | | W | **Mortgage account opened 6/06** <br><br> VALUE $ **458,300.00** | | | | 98,293.00 | |
| ACCOUNT NO. **7723** <br><br>**Wf / Wb Rec** | | W | **Revolving account opened 12/06** <br><br> VALUE $ **458,300.00** | | | | 132,315.00 | 66,076.00 |

_____ **0** continuation sheets attached

Subtotal (Total of this page)  $ **833,376.00**   $ **372,076.00**

Total (Use only on last page)  $ **833,376.00**   $ **372,076.00**

(Report also on Summary of Schedules.)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6E (Official Form 6E) (04/10)

IN RE **Richardson, Glen M & Richardson, Lisa**   Case No. _____
     Debtor(s)               (If known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

  A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

  The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

  If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

  Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

  Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

  Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☑ **Domestic Support Obligations**
 Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
 Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
 Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
 Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
 Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
 Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**
 Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
 Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
 Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

 * Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____ **3** continuation sheets attached

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6E (Official Form 6E) (04/10) - Cont.

IN RE **Richardson, Glen M & Richardson, Lisa**                                  Case No. _____
_____                              _____
                    Debtor(s)                                                             (If known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

### Domestic Support Obligations
(Type of Priority for Claims Listed on This Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **7280** <br><br> **Tangie Hill** <br> **650 Osborne Rd. Ne, #308** <br> **Friedley, MN  55432** | | **H** | **Child Support Arrears** | | | | **32,000.00** | **32,000.00** | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |

Sheet no. _____**1**_____ of _____**3**_____ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims                                           Subtotal
(Totals of this page)    $  **32,000.00**   $  **32,000.00**   $

Total
(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)    $

Total
(Use only on last page of the completed Schedule E. If applicable,
report also on the Statistical Summary of Certain Liabilities and Related Data.)                $              $

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6E (Official Form 6E) (04/10) - Cont.

IN RE **Richardson, Glen M & Richardson, Lisa**                                    Case No. _____
_____
Debtor(s)                                                              (If known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

### Taxes and Other Certain Debts Owed to Governmental Units

(Type of Priority for Claims Listed on This Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **5231** <br> **City Of Chicago** <br> **Attn: Bankruptcy Dept** <br> **121 N. Lasalle St., Rm 800** <br> **Chicago, IL  60602** | | J | **City of Chicago Parking Tickets** | | | | 2,000.00 | 2,000.00 | |
| ACCOUNT NO. **9455** <br> **City Of Chicago** <br> **Attn: Bankruptcy Dept** <br> **121 N. Lasalle St., Rm 800** <br> **Chicago, IL  60602** | | J | **Various State of Illinois Violations - Personal Liability** | | | | 2,117.02 | 2,117.02 | |
| ACCOUNT NO. **5231** <br> **IDES** <br> **Attn: Bankruptcy Dept** <br> **33 S. State St** <br> **Chicago, IL  60603** | | W | **Taxes Due for Unemployment Insurance 2009 - Personal Liability** | | | | 3,500.00 | 3,500.00 | |
| ACCOUNT NO. **9455** <br> **Illinois Treasurer** <br> **Attn: Bankruptcy Dept** <br> **100 W. Randolph, Ste 15-600** <br> **Chicago, IL  60601** | | W | **State of Illinois Business Taxes - Personal Liability** | | | | 2,407.84 | 2,407.84 | |
| ACCOUNT NO. **6494** <br> **Illinois Treasurer** <br> **Attn: Bankruptcy Dept** <br> **100 W. Randolph, Ste 15-600** <br> **Chicago, IL  60601** | | J | **Illinois Business Payroll Taxes - Personal Liability** | | | | 28,237.15 | 28,237.15 | |
| ACCOUNT NO. **5231** <br> **IRS** <br> **Attn: Bankruptcy Dept** <br> **PO Box 7346** <br> **Philadelphia, PA  19101-7346** | | W | **IRS Payroll Taxes for L. Renee Richardson Group Creamery - Personal Liability** | | | | 10,208.61 | 10,208.61 | |

Sheet no. ____**2**____ of ____**3**____ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

|  | Subtotal (Totals of this page) | $ 48,470.62 | $ 48,470.62 | $ |
|---|---|---|---|---|
|  | Total (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ | | |
|  | Total (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $ | $ |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6E (Official Form 6E) (04/10) - Cont.

IN RE **Richardson, Glen M & Richardson, Lisa**                                  Case No. _____
_____
Debtor(s)                                                        (If known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

### Taxes and Other Certain Debts Owed to Governmental Units

(Type of Priority for Claims Listed on This Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **5231** <br><br>**IRS**<br>**Attn: Bankruptcy Dept**<br>**PO Box 7346**<br>**Philadelphia, PA  19101-7346** | | W | **2008 IRS Personal Taxes** | | | | **33,767.15** | **33,767.15** | |
| ACCOUNT NO. **1137** <br><br>**IRS**<br>**Attn: Bankruptcy Dept**<br>**PO Box 7346**<br>**Philadelphia, PA  19101-7346** | | W | **Havilah Investment Corporation Taxes Owed - Personal Liability** | | | | **8,999.69** | **8,999.69** | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |

Sheet no. __**3**__ of __**3**__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | Subtotal (Totals of this page) | $ **42,766.84** | $ **42,766.84** | $ |
|---|---|---|---|---|
| | Total (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ **123,237.46** | | |
| | Total (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $ **123,237.46** | $ |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07)

IN RE **Richardson, Glen M & Richardson, Lisa**                     Case No. _____
                        Debtor(s)                                                    (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **7947** <br><br> **A/r Concepts** <br> **2320 Dean St** <br> **Saint Charles, IL 60175** | | W | | | | | 200.00 |
| ACCOUNT NO. **0493** <br><br> **Amex** <br> **AMERICAN EXPRESS SPECIAL RESEARCH** <br> **Po Box 981540** <br> **El Paso, TX 79998** | | W | | | | | 11,576.00 |
| ACCOUNT NO. **5203** <br><br> **Amex** <br> **AMERICAN EXPRESS SPECIAL RESEARCH** <br> **Po Box 981540** <br> **El Paso, TX 79998** | | W | | | | | 9,324.00 |
| ACCOUNT NO. **3513** <br><br> **Amex** <br> **AMERICAN EXPRESS SPECIAL RESEARCH** <br> **Po Box 981540** <br> **El Paso, TX 79998** | | W | | | | | 2,225.00 |

_____ **6** continuation sheets attached

Subtotal
(Total of this page) $ 23,325.00

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) $ _____

B6F (Official Form 6F) (12/07) - Cont.

IN RE **Richardson, Glen M & Richardson, Lisa**          Case No. _____
                    Debtor(s)                                                (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **5019**<br>**Bank Of America**<br>**ATTENTION: RECOVERY DEPARTMENT**<br>**4161 Peidmont Pkwy.**<br>**Greensboro, NC 27410** | | W | | | | | 20,311.00 |
| ACCOUNT NO. **6973**<br>**Bank Of America**<br>**ATTN: BANKRUPTCY NC4-105-0299**<br>**Po Box 26012**<br>**Greensboro, NC 27410** | | W | | | | | 19,516.00 |
| ACCOUNT NO. **8862**<br>**Bank Of America**<br>**ATTN: BANKRUPTCY NC4-105-0299**<br>**Po Box 26012**<br>**Greensboro, NC 27410** | | W | | | | | 19,181.00 |
| ACCOUNT NO. **3798**<br>**Bank Of America**<br>**ATTN: BANKRUPTCY NC4-105-0299**<br>**Po Box 26012**<br>**Greensboro, NC 27410** | | W | | | | | 13,226.00 |
| ACCOUNT NO. **7280**<br>**Bank Of America**<br>**Attn: Bankruptcy Dept**<br>**100 N. Tryon**<br>**Charlotte, NC 28255** | | J | **Checking / Savings Overdraft Accounts** | | | | 500.00 |
| ACCOUNT NO. **2086**<br>**BeneTrends, Inc.**<br>**Attn: Bankruptcy Dept**<br>**1180 Welsh Rd., Ste 280**<br>**North Wales, PA 19454** | | J | **Administration Fees** | | | | 1,950.00 |
| ACCOUNT NO. **7654**<br>**Broadview Security**<br>**Attn: Bankruptcy Dept**<br>**8880 Esters Blvd**<br>**Irving, TX 75063** | | J | **Marble Slab Creamery Security Debt - Personal Guarantee** | | | | 441.51 |

Sheet no. ___**1**___ of ___**6**___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ 75,125.51

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) $

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07) - Cont.

IN RE **Richardson, Glen M & Richardson, Lisa**                    Case No. _____
　　　　　　　　　Debtor(s)                                                            (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **4908** <br> **Cach Llc** <br> **4340 South Monaco St.  2nd Floor** <br> **Denver, CO  80237** | | W | Open account opened 2/11 | | | | 10,463.00 |
| ACCOUNT NO. **2342** <br> **Cap One** <br> **CAPITAL ONE BANK (USA) N.A.** <br> **Po Box 30285** <br> **Salt Lake City, UT  84130** | | W | | | | | 13,445.00 |
| ACCOUNT NO. **7043** <br> **Cap One** <br> **CAPITAL ONE BANK (USA) N.A.** <br> **Po Box 30285** <br> **Salt Lake City, UT  84130** | | W | | | | | 7,659.00 |
| ACCOUNT NO. **3965** <br> **Cap One** <br> **CAPITAL ONE BANK (USA) N.A.** <br> **Po Box 30285** <br> **Salt Lake City, UT  84130** | | H | | | | | 2,314.00 |
| ACCOUNT NO. **7810** <br> **Chase** <br> **P.o. Box 15298** <br> **Wilmington, DE  19850** | | W | Revolving account opened 1/06 | | | | 9,366.00 |
| ACCOUNT NO. **0652** <br> **Chase** <br> **P.o. Box 15298** <br> **Wilmington, DE  19850** | | W | Revolving account opened 7/06 | | | | 5,560.00 |
| ACCOUNT NO. **3007** <br> **Chase** <br> **P.o. Box 15298** <br> **Wilmington, DE  19850** | | W | Revolving account opened 6/06 | | | | 2,500.00 |

Sheet no. ____**2**___ of ____**6**___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)  $ 51,307.00

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)  $

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07) - Cont.

IN RE  Richardson, Glen M & Richardson, Lisa          Case No. _____
_____
                    Debtor(s)                                                    (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **3579**<br>**Chase- Bp**<br>**225 Chastain Meadows Court**<br>**Kennesaw, GA  30144** | | J | **Revolving account opened 10/97** | | | | 1,575.00 |
| ACCOUNT NO. **2089**<br>**ComED**<br>**Attn: Bkcy Group-Claims Department**<br>**3 Lincoln Center**<br>**Oakbrook Terrace, IL  60181** | | J | **Business Electrical Services - Personal Guarantee** | | | | 10,398.06 |
| ACCOUNT NO. **G029**<br>**Development Specialist**<br>**Attn: Bankruptcy Dept**<br>**Three First National Plaza, Ste 2300**<br>**Chicago, IL  60602** | | J | **Furniture - 11/12/2008** | | | | 2,334.00 |
| ACCOUNT NO.<br>**Plunkett Home Furnishings**<br>**Attn: Bankrutpcy Dept**<br>**885 Sunset Ridge Rd.**<br>**Northbrook, IL  60062** | | | **Assignee or other notification for:**<br>**Development Specialist** | | | | |
| ACCOUNT NO. **7461**<br>**Discover Fin Svcs Llc**<br>**ATTENTION:  BANKRUPTCY DEPARTMENT**<br>**Po Box 3025**<br>**New Albany, OH  43054** | | W | | | | | 17,770.00 |
| ACCOUNT NO. **nAve**<br>**FC Station Residential, LLC**<br>**Attn: Bankruptcy Dept**<br>**50 Public Square, Ste 1200**<br>**Cleveland, OH  44113** | | J | **Marble Slab Creamery/L. Renee Richardson Lease for 1241 S. Michigan Ave both arrears and future rents** | | | | 57,626.00 |
| ACCOUNT NO. **4520**<br>**First Premier Bank**<br>**601 S Minnesota Ave**<br>**Sioux Falls, SD  57104** | | H | **Revolving account opened 3/05** | | | | 315.00 |

Sheet no. ____**3**____ of ____**6**____ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ 90,018.06

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) $

B6F (Official Form 6F) (12/07) - Cont.

IN RE Richardson, Glen M & Richardson, Lisa _____    Case No. _____
                                       Debtor(s)                                 (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **3510**<br>**GCS Service, Inc.**<br>**Attn: Bankruptcy Dept**<br>**24673 Network Place**<br>**Chicago, IL  60673** | | J | **Food Services - Personal Guarantee** | | | | 213.15 |
| ACCOUNT NO. **4001**<br>**H And F Law**<br>**33 N Lasalle Ste 1200**<br>**Chicago, IL  60647** | | W | | | | | 372.00 |
| ACCOUNT NO. **3849**<br>**Hsbc Bank**<br>**ATTN: BANKRUPTCY**<br>**Po Box 5213**<br>**Carol Stream, IL  60197** | | H | | | | | 523.00 |
| ACCOUNT NO. **5001**<br>**I C System Inc**<br>**Po Box 64378**<br>**Saint Paul, MN  55164** | | H | **Open account opened 7/11** | | | | 224.00 |
| ACCOUNT NO. **9684**<br>**ICS Collection Service**<br>**Attn: Bankruptcy Dept**<br>**PO Box 646**<br>**Oak Lawn, IL  60454** | X | J | **Medical Services** | | | | 31,527.80 |
| ACCOUNT NO. **9710**<br>**Ncofin/980**<br>**600 Holiday Plaza**<br>**Matteson, IL  60443** | | W | | | | | 708.00 |
| ACCOUNT NO. **4724**<br>**North Short Agency, Inc.**<br>**Attn: Bankruptcy Dept**<br>**PO Box 9205**<br>**Old Bethpage, NY  11804** | | J | **Time Life Subscription** | | | | 33.93 |

Sheet no. _____**4**___ of _____**6**___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)  $ **33,601.88**

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)  $

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07) - Cont.

IN RE Richardson, Glen M & Richardson, Lisa                    Case No. _____
_____
Debtor(s)                                                                      (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **mery**<br>**North Star Food Service**<br>**Attn: Bankruptcy Dept**<br>**311 N. Curry Pike**<br>**Bloomington, IN  47404-2502** | | J | **Food Services - Personal Liability** | | | | **1,000.00** |
| ACCOUNT NO. **6165**<br>**Paragon Way Inc**<br>**Po Box 92109**<br>**Austin, TX  78709** | | W | **Open account opened 5/10** | | | | **7,058.00** |
| ACCOUNT NO. **2750**<br>**Peoples Engy**<br>**ATTENTION: BANKRUPTCY DEPARTMENT**<br>**130 E. Randolph**<br>**Chicago, IL  60601** | | H | | | | | **1,061.00** |
| ACCOUNT NO. **2017**<br>**Pnc Bank**<br>**ATTN: BANKRUPTCY DEPARTMENT BR-YB58-01**<br>**6750 Miller Road**<br>**Brecksville, OH  44141** | | W | | | | | **3,343.00** |
| ACCOUNT NO. **8530**<br>**Security Credit Servic**<br>**Po Box 1156**<br>**Oxford, MS  38655** | | W | **Open account opened 2/11** | | | | **21,260.00** |
| ACCOUNT NO. **9021**<br>**The Hartford**<br>**Attn: Bankruptcy Dept**<br>**1138 Elm St, PO Box 179**<br>**Manchester, NH  03101-1514** | | J | | | | | **543.89** |
| ACCOUNT NO. **0502**<br>**Van Eerden Foodservice**<br>**Attn: Bankruptcy Dept**<br>**P.O. Box 3110**<br>**Grand Rapids, MI  49501-3110** | | J | **Food Services - Personal Liability** | | | | **1,075.16** |

Sheet no. _____**5**___ of ____**6**___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    $    **35,341.05**

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)    $

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07) – Cont.

IN RE **Richardson, Glen M & Richardson, Lisa**                    Case No. _____
_____
Debtor(s)                                        (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **8519** <br><br> **Wells Fargo Bank** <br> **Credit Bureau Dispute Resoluti** <br> **Des Moines, IA  50306** | | W | Revolving account opened 1/07 | | | | **10,463.00** |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. _____ **6** of _____ **6** continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)   $ **10,463.00**

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)   $ **319,181.50**

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6G (Official Form 6G) (12/07)

IN RE **Richardson, Glen M & Richardson, Lisa** _____    Case No. _____
                                    Debtor(s)                                                              (If known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **FC Central Station Residential, LLC**<br>**Attn: Bankruptcy Dept**<br>**50 Public Square, Ste 1200**<br>**Cleveland, OH  44113** | **Business Lease for 1251 S. Michigan Ave** |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6H (Official Form 6H) (12/07)

IN RE **Richardson, Glen M & Richardson, Lisa**                                          Case No. _____
                                      Debtor(s)                                                              (If known)

## SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Northwestern Medical Facility Foundation**<br>**Attn: Bankruptcy Dept**<br>**38693 Eagle Way**<br>**Chicago, IL  60678** | **ICS Collection Service**<br>**Attn: Bankruptcy Dept**<br>**PO Box 646**<br>**Oak Lawn, IL  60454** |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6I (Official Form 6I) (12/07)

IN RE **Richardson, Glen M & Richardson, Lisa**                                                                          Case No. _____
                    Debtor(s)                                                                                                              (If known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on From 22A, 22B, or 22C.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| **Married** | RELATIONSHIP(S): | | AGE(S): |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **See Schedule Attached** | **Owner / Operator** |
| Name of Employer | | **L. Renee Richardson Group Creamery** |
| How long employed | | **4 years** |
| Address of Employer | | **1137 W. Taylor St., Ste 335** |
| | | **Chicago, IL  60607** |

**INCOME:** (Estimate of average or projected monthly income at time case filed)

| | DEBTOR | SPOUSE |
|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $ 1,130.03 | $ 506.72 |
| 2. Estimated monthly overtime | $ | $ |
| **3. SUBTOTAL** | $ 1,130.03 | $ 506.72 |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes and Social Security | $ 32.25 | $ |
|    b. Insurance | $ 18.18 | $ |
|    c. Union dues | $ | $ |
|    d. Other (specify)   **See Schedule Attached** | $ 304.81 | $ |
| | $ | $ |
| **5. SUBTOTAL OF PAYROLL DEDUCTIONS** | $ 355.24 | $ 0.00 |
| **6. TOTAL NET MONTHLY TAKE HOME PAY** | $ 774.79 | $ 506.72 |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ | $ |
| 8. Income from real property | $ | $ |
| 9. Interest and dividends | $ | $ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | $ |
| 11. Social Security or other government assistance | | |
|    (Specify) _____ | $ | $ |
| | $ | $ |
| 12. Pension or retirement income | $ | $ |
| 13. Other monthly income | | |
|    (Specify) _____ | $ | $ |
| | $ | $ |
| | $ | $ |
| **14. SUBTOTAL OF LINES 7 THROUGH 13** | $ | $ |
| **15. AVERAGE MONTHLY INCOME** (Add amounts shown on lines 6 and 14) | $ 774.79 | $ 506.72 |

| **16. COMBINED AVERAGE MONTHLY INCOME**: (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | $ 1,281.51 |
|---|---|

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None**

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Richardson, Glen M & Richardson, Lisa**                                    Case No. _____
Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)
### Continuation Sheet - Page 1 of 1

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Owner / Operator** | |
| Name of Employer | **L. Renee Richardson Group Creamery** | |
| How long employed | **4 years** | |
| Address of Employer | **1137 W. Taylor St., Ste 335** | |
| | **Chicago, IL  60607** | |
| | | |
| Occupation | **Food Services** | |
| Name of Employer | **McDonalds** | |
| How long employed | **1 years** | |
| Address of Employer | **5733 S. Kedzie Ave** | |
| | **Chicago, IL  60639** | |

| | DEBTOR | SPOUSE |
|---|---|---|
| Other Payroll Deductions: | | |
| **Child Support** | **244.10** | |
| **Garnishment Fees** | **2.71** | |
| **Eyemed Vision Care** | **2.67** | |
| **MCD Deductible PPO** | **30.81** | |
| **STate Of Illinois** | **4.20** | |
| **US Government W/H** | **20.32** | |

B6J (Official Form 6J) (12/07)

**IN RE** Richardson, Glen M & Richardson, Lisa                                Case No. _____
_____                                                        _____
Debtor(s)                                                                                                    (If known)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 2,567.00 |
|    a. Are real estate taxes included?    Yes ✓   No ____ | | |
|    b. Is property insurance included?  Yes ____  No ✓ | | |
| 2. Utilities: | | |
|    a. Electricity and heating fuel | $ | 450.00 |
|    b. Water and sewer | $ | 25.00 |
|    c. Telephone | $ | |
|    d. Other  **Cellphone** | $ | 250.00 |
| | $ | |
| 3. Home maintenance (repairs and upkeep) | $ | 100.00 |
| 4. Food | $ | 500.00 |
| 5. Clothing | $ | |
| 6. Laundry and dry cleaning | $ | 100.00 |
| 7. Medical and dental expenses | $ | 25.00 |
| 8. Transportation (not including car payments) | $ | |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | |
| 10. Charitable contributions | $ | 200.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|    a. Homeowner's or renter's | $ | |
|    b. Life | $ | |
|    c. Health | $ | |
|    d. Auto | $ | 150.00 |
|    e. Other | $ | |
| | $ | |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|    (Specify) _____ | $ | |
| | $ | |
| 13. Installment payments: (in chapter 11, 12 and 13 cases, do not list payments to be included in the plan) | | |
|    a. Auto | $ | |
|    b. Other  **2nd Mortgage** | $ | 1,047.00 |
|           **3rd Mortgage** | $ | 300.00 |
| 14. Alimony, maintenance, and support paid to others | $ | |
| 15. Payments for support of additional dependents not living at your home | $ | |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | |
| 17. Other  **Auto Maintenance** | $ | 50.00 |
| | $ | |
| | $ | |

**18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.                    $ 5,764.00

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document:
**None**

## 20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
|    a. Average monthly income from Line 15 of Schedule I | $ | 1,281.51 |
|    b. Average monthly expenses from Line 18 above | $ | 5,764.00 |
|    c. Monthly net income (a. minus b.) | $ | -4,482.49 |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6 Declaration (Official Form 6 - Declaration) (12/07)

IN RE **Richardson, Glen M & Richardson, Lisa**                                   Case No. _____
_____
Debtor(s)                                                                                          (If known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ **24** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: **October  4, 2011**               Signature: ___*/s/ Glen M Richardson*_____
                                                              **Glen M Richardson**                                            Debtor

Date: **October  4, 2011**               Signature: ___*/s/ Lisa Richardson*_____
                                                              **Lisa Richardson**                                        (Joint Debtor, if any)
                                                                                              [If joint case, both spouses must sign.]

_____

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342 (b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer          Social Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs the document.*

_____
_____
Address

_____          _____
Signature of Bankruptcy Petition Preparer          Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*

_____

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date: _____          Signature: _____

                                                            _____
                                                            (Print or type name of individual signing on behalf of debtor)

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**United States Bankruptcy Court**
**Northern District of Illinois**

IN RE:                                                    Case No. _____

Richardson, Glen M & Richardson, Lisa                     Chapter **7** _____
                    Debtor(s)

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

---

**1. Income from employment or operation of business**

None ☐    State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT    SOURCE
**25,200.00    2009 Approximate Gross Income**
**15,224.97    2010 Approximate Gross Income**
**17,738.26    YTD Approximate Gross Income**

---

**2. Income other than from employment or operation of business**

None ☑    State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**3. Payments to creditors**
*Complete a. or b., as appropriate, and c.*

None ☑    *a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

None ☑ *b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850.* If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

None ☑ *c. All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **First Bank v. Richardson 2011-L -003092** | **Breach of Contract** | **Cook County Law Diviison** | **Default Judgment Entered** |
| **First Bank v. Marble Slab Creamery, Et Al - 2011-L-05013** | **Replevin Action** | **Cook County Law Division** | **Pre Judgment** |
| **Wells Fargo v. Richardson - 2010-CH-26267** | **Foreclosure** | **Cook County Chancery** | **Pre-Judgment** |
| **Capital One v. Richardson - 2011-M1-102792** | **Breach of Contract** | **Cook County M1** | **Citation to Discover Issued** |

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**5. Repossessions, foreclosures and returns**

None ☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**6. Assignments and receiverships**

None ☑ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**7. Gifts**

None ☑ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**8. Losses**

None ☑ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**9. Payments related to debt counseling or bankruptcy**

None ☐  List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Steven J. Grace | 9/30/2011 | 1,000.00 |

**10. Other transfers**

None ☑  a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑  b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

**11. Closed financial accounts**

None ☐  List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| Bank Of America<br>Attn: Bankruptcy Dept<br>100 N. Tryon<br>Charlotte, NC  28255 | Business Checking / Savings | May 2011 |

**12. Safe deposit boxes**

None ☑  List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**13. Setoffs**

None ☑  List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**14. Property held for another person**

None ☑  List all property owned by another person that the debtor holds or controls.

**15. Prior address of debtor**

None ☑  If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

**16. Spouses and Former Spouses**

None ☑  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

| None | |
|---|---|
| ☑ | a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law. |

| None | |
|---|---|
| ☑ | b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice. |

| None | |
|---|---|
| ☑ | c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number. |

**18. Nature, location and name of business**

| None | |
|---|---|
| ☐ | a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case. |

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **L. Renee Richardson Group Real EstateLLC** | | **3430 S. Giles Chicago, IL 60616** | **Real Estate Investment** | **8/21/2006-2/11/2011** |
| **Only cost incurred, no actual real invesment took place** | | | | |
| **L. Renee Richardson Group Creamery LLC** | | **3430 S. Giles Chicago, IL 60616** | **Food Services** | **7/11/2006-1/14/2011** |
| **L. Renee Richardson Group LLC** | | **3430 S. Giles Chicago, IL 60616** | **Educational Services** | **8/19/2008-2/11/2010** |
| **Havilah Invesment Corporation** | | **1135 W. Taylor St. Chicago, IL 60607** | **Investment Corporation** | **7/21/2008-12/11/2009** |

| None | |
|---|---|
| ☑ | b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101. |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.


Date: **October  4, 2011**      Signature  ***/s/ Glen M Richardson***
                                of Debtor                                    **Glen M Richardson**

Date: **October  4, 2011**      Signature  ***/s/ Lisa Richardson***
                                of Joint Debtor                              **Lisa Richardson**
                                (if any)

                    **0** continuation pages attached


*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. § 152 and 3571.*

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**B8 (Official Form 8) (12/08)**

**United States Bankruptcy Court**

**Northern District of Illinois**

IN RE:                                                                    Case No. _____

Richardson, Glen M & Richardson, Lisa          Chapter **7** _____
_____
Debtor(s)

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:** <br> **Wf / Wb Rec** | **Describe Property Securing Debt:** <br> **3430 S. Giles Ave** |
| Property will be *(check one)*: <br> ☐ Surrendered  ☑ Retained <br><br> If retaining the property, I intend to *(check at least one)*: <br> ☐ Redeem the property <br> ☑ Reaffirm the debt <br> ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)). <br><br> Property is *(check one)*: <br> ☑ Claimed as exempt  ☐ Not claimed as exempt | |

| Property No. 2 (if necessary) | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |
| Property will be *(check one)*: <br> ☐ Surrendered  ☐ Retained <br><br> If retaining the property, I intend to *(check at least one)*: <br> ☐ Redeem the property <br> ☐ Reaffirm the debt <br> ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)). <br><br> Property is *(check one)*: <br> ☐ Claimed as exempt  ☐ Not claimed as exempt | |

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:** <br> **FC Central Station Residential, LLC** | **Describe Leased Property:** <br> **Business Lease for 1251 S. Michigan Ave** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2): <br> ☐ Yes  ☑ No |

| Property No. 2 (if necessary) | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2): <br> ☐ Yes  ☐ No |

_____ continuation sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date: _____**October  4, 2011**_____          **/s/ Glen M Richardson** _____
                                                                  Signature of Debtor

                                                                  **/s/ Lisa Richardson** _____
                                                                  Signature of Joint Debtor

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**United States Bankruptcy Court**
**Northern District of Illinois**

IN RE:                                                    Case No. _____

Richardson, Glen M & Richardson, Lisa _____    Chapter **7**_____
Debtor(s)

**VERIFICATION OF CREDITOR MATRIX**

Number of Creditors _____ **41**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date: **October  4, 2011**_____    */s/ Glen M Richardson*_____
                                                 Debtor


                                                 */s/ Lisa Richardson*_____
                                                 Joint Debtor

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Richardson, Glen M
3430 S. Giles
Chicago, IL  60616

Cach Llc
4340 South Monaco St.  2nd Floor
Denver, CO  80237

First Bank
Attn: Bankruptcy Dept
9801 Westminster Rd, Ste 1100
Houston, TX  77042

Richardson, Lisa
3430 S. Giles
Chicago, IL  60616

Cap One
CAPITAL ONE BANK (USA) N.A.
Po Box 30285
Salt Lake City, UT  84130

First Premier Bank
601 S Minnesota Ave
Sioux Falls, SD  57104

Attorney Steven J. Grace
111 W. Washington St., Ste 1625
Chicago, IL  60602

Chase
P.o. Box 15298
Wilmington, DE  19850

GCS Service, Inc.
Attn: Bankruptcy Dept
24673 Network Place
Chicago, IL  60673

A/r Concepts
2320 Dean St
Saint Charles, IL  60175

Chase- Bp
225 Chastain Meadows Court
Kennesaw, GA  30144

H And F Law
33 N Lasalle Ste 1200
Chicago, IL  60647

Amex
AMERICAN EXPRESS SPECIAL RESEARCH
Po Box 981540
El Paso, TX  79998

City Of Chicago
Attn: Bankruptcy Dept
121 N. Lasalle St., Rm 800
Chicago, IL  60602

Hsbc Bank
ATTN: BANKRUPTCY
Po Box 5213
Carol Stream, IL  60197

Bank Of America
ATTENTION: RECOVERY DEPARTMENT
4161 Peidmont Pkwy.
Greensboro, NC  27410

ComED
Attn: Bkcy Group-Claims Department
3 Lincoln Center
Oakbrook Terrace, IL  60181

I C System Inc
Po Box 64378
Saint Paul, MN  55164

Bank Of America
ATTN: BANKRUPTCY NC4-105-0299
Po Box 26012
Greensboro, NC  27410

Development Specialist
Attn: Bankruptcy Dept
Three First National Plaza, Ste 2300
Chicago, IL  60602

ICS Collection Service
Attn: Bankruptcy Dept
PO Box 646
Oak Lawn, IL  60454

Bank Of America
Attn: Bankruptcy Dept
100 N. Tryon
Charlotte, NC  28255

Discover Fin Svcs Llc
ATTENTION:  BANKRUPTCY DEPARTMENT
Po Box 3025
New Albany, OH  43054

IDES
Attn: Bankruptcy Dept
33 S. State St
Chicago, IL  60603

BeneTrends, Inc.
Attn: Bankruptcy Dept
1180 Welsh Rd., Ste 280
North Wales, PA  19454

FC Central Station Residential, LLC
Attn: Bankruptcy Dept
50 Public Square, Ste 1200
Cleveland, OH  44113

Illinois Treasurer
Attn: Bankruptcy Dept
100 W. Randolph, Ste 15-600
Chicago, IL  60601

Broadview Security
Attn: Bankruptcy Dept
8880 Esters Blvd
Irving, TX  75063

FC Station Residential, LLC
Attn: Bankruptcy Dept
50 Public Square, Ste 1200
Cleveland, OH  44113

IRS
Attn: Bankruptcy Dept
PO Box 7346
Philadelphia, PA  19101-7346

**Ncofin/980**
**600 Holiday Plaza**
**Matteson, IL  60443**

**The Hartford**
**Attn: Bankruptcy Dept**
**1138 Elm St, PO Box 179**
**Manchester, NH  03101-1514**

**North Short Agency, Inc.**
**Attn: Bankruptcy Dept**
**PO Box 9205**
**Old Bethpage, NY  11804**

**Van Eerden Foodservice**
**Attn: Bankruptcy Dept**
**P.O. Box 3110**
**Grand Rapids, MI  49501-3110**

**North Star Food Service**
**Attn: Bankruptcy Dept**
**311 N. Curry Pike**
**Bloomington, IN  47404-2502**

**Wells Fargo Bank**
**Credit Bureau Dispute Resoluti**
**Des Moines, IA  50306**

**Northwestern Medical Facility Foundation**
**Attn: Bankruptcy Dept**
**38693 Eagle Way**
**Chicago, IL  60678**

**Wells Fargo Hm Mortgag**
**Po Box 10335**
**Des Moines, IA  50306**

**Paragon Way Inc**
**Po Box 92109**
**Austin, TX  78709**

**Peoples Engy**
**ATTENTION: BANKRUPTCY DEPARTMENT**
**130 E. Randolph**
**Chicago, IL  60601**

**Plunkett Home Furnishings**
**Attn: Bankrutpcy Dept**
**885 Sunset Ridge Rd.**
**Northbrook, IL  60062**

**Pnc Bank**
**ATTN: BANKRUPTCY DEPARTMENT BR-**
**YB58-01**
**6750 Miller Road**
**Brecksville, OH  44141**

**Security Credit Servic**
**Po Box 1156**
**Oxford, MS  38655**

**Tangie Hill**
**650 Osborne Rd. Ne, #308**
**Friedley, MN  55432**